FILED SEP 25 2017 CLERK, U.S. DISTRICT COURT RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA )
)
v. ) Criminal Action No. 3:10CR210–HEH
)
INDIA PERLETTA SMITH, )
)
Petitioner. )

### MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

India Perletta Smith, a federal inmate proceeding *pro se*, brings this motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct her federal sentence ("§ 2255 Motion," ECF No. 41). The Government has moved to dismiss on the ground that Smith's § 2255 Motion is barred by the statute of limitations. (ECF No. 48.) For the reasons set forth below, the Government's Motion to Dismiss will be granted, and Smith's § 2255 Motion will be denied.

### I. PROCEDURAL HISTORY AND CLAIMS FOR RELIEF

On July 20, 2010, the Government filed a Criminal Information against Smith, charging her with one count of carjacking resulting in death in violation of 18 U.S.C. §§ 2119(3) and 2. (Criminal Information 1, ECF No. 13.) On July 22, 2010, Smith pled guilty to the one count contained in the Criminal Information. (Plea Agreement ¶ 1, ECF No. 16.) On October 25, 2010, the Court entered judgment against Smith and sentenced her to 360 months of imprisonment. (J. 2, ECF No. 22.) Smith did not appeal.

On September 8, 2016, Smith placed the present § 2255 Motion in the prison mail system for mailing to this Court. (§ 2255 Mot. 23.)[1] In her § 2255 Motion, Smith asserts the following claims for relief:[2]

Claim 1: "My 6th Amendment to the Const. was violated by failure to allow me to confront witnesses." (*Id.* at 3.)[3]

Claim 2: "Potentially corroborating witnesses – accused rights to confront witnesses U.S.C.S. Constitution Amendment 6 violated." (*Id.* at 4.)

Claim 3: "Federal law and the U.S. Const. § 14 was violated . . . Purported admission by someone else . . . ." (*Id.* at 7.)

Claim 4: "Federal law . . . [was] violated . . . Codefendants' background – codefendants all are felons." (*Id.* at 8.)

Claim 5: "Defendant's prior statements – self-incriminating, but requested [a] lawyer, they still made me talk without [a] lawyer." (*Id.* at 9.)

Claim 6: "Defendant's sanity – failure to raise and indicated defense to see if I was mentally competent." (*Id.*)

Claim 7: "For sentencing – I was under duress and did not comprehend what was going on." (*Id.*)

Claim 8: "Mitigating evidence – was never presented." (*Id.*)

---

[1] The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). The Court employs the pagination assigned to Smith's submissions by the CM/ECF docketing system.

[2] The Court corrects the punctuation, capitalization, and spelling in the quotations from Smith's submissions.

[3] In all, Smith alleges various violations of the Fourth, Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution, as well as violations of "federal law," the Federal Rules of Evidence, the United States Code, and "federal and state code of ethical conduct." *See* § 2255 Mot. 3–19. However, in the interests of judicial efficiency and because the statements of her claims are so lengthy and repetitive, the Court recites only portions of the facts underlying Smith's claims.

| | |
|---|---|
| Claim 9: | "Discovery materials – when asked my attorney would get angry [and] yell at me. It was never presented." (*Id.*) |
| Claim 10: | "Exculpatory evidence – never presented." (*Id.* at 10.) |
| Claim 11: | "Information given the defendant by the prosecutor – I told my lawyer . . . that I did not want to sign the plea because 'I did not kill anybody.'" (*Id.*) |
| Claim 12: | "Defense to be presented, none, never discussed." (*Id.* at 11.) |
| Claim 13: | "Count to which plea [was] made . . . is ambiguous." (*Id.*) |
| Claim 14: | "Basic criminal procedure – was clearly not followed." (*Id.*) |
| Claim 15: | "Cause and prejudice of failure [of trial attorney] to investigate the law may lie in the very novelty of the law." (*Id.* at 12.) |
| Claim 16: | "Wrong jurisdiction . . . ." (*Id.*) |
| Claim 17: | "The thing of the matter is I never ever stepped foot in Henrico County Jail during my investigation and believe that this information was manufactured to try and establish a timeline and jurisdiction." (*Id.* at 13.) |
| Claim 18: | "Fraud/forgery . . . ." (*Id.* at 14.) |
| Claim 19: | "Fraudulent pic[ture] . . . my name was signed and dated . . . by someone else . . . ." (*Id.* at 15.) |
| Claim 20: | "Special attention document . . . waiver of rights [] is not the original document . . . ." (*Id.*) |
| Claim 21: | "Inducement of guilty plea for the sake of counsel's relationship with the federal people . . . ." (*Id.* at 16.) |
| Claim 22: | "[Trial attorney's f]ailure to notify the court when differences arose between the defendant and counsel . . . ." (*Id.* at 17.) |
| Claim 23: | "Threats from my attorney . . . put me in a state of duress which led to my diminished capacity." (*Id.* at 18.) |
| Claim 24: | "Waiver of Indictment . . . ." (*Id.*) |

3

## II. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A. 28 U.S.C. § 2255(f)(1)

Because Smith did not appeal, under 28 U.S.C. § 2255(f)(1), her conviction became final on Monday, November 8, 2010, the last date to file an appeal. *See United States v. Clayton*, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4

4

(E.D. Va. May 2, 2005)). Hence, Smith had until November 8, 2011 to file any motion under 28 U.S.C. § 2255. Because Smith did not file her § 2255 Motion until September 8, 2016, the motion is untimely pursuant to 28 U.S.C. § 2255(f)(1). However, the Court construes Smith's Motion as arguing that she is entitled to belated commencement pursuant to 28 U.S.C. § 2255(f)(4).

### B. Belated Commencement under 28 U.S.C. § 2255(f)(4)

Smith asserts that her § 2255 Motion is timely "[b]ecause of newly discovered evidence. [She] was stripped of [her] constitutional rights, due process, psychiatric evaluation, 5th Amendment, 6th Amendment, 14[th] Amendment . . . Just on these new and reprehensible findings." (§ 2255 Mot. 22.) Smith contends that she was "talking to a [fellow inmate] . . . about some of the things that w[ere] done to [her] by [her] . . . lawyer. So [she] started calling around and also writing the Clerk . . . asking what did [she] have to do to receive [her] paperwork." (Smith Aff. ¶ 2, ECF No. 50.) Smith urges the Court to consider the facts and documents submitted with her § 2255 Motion and to consider the fact that she only began receiving the documents in May 2016. (§ 2255 Mot. 22; Smith Aff. ¶¶ 7–9.) Smith has included seventeen exhibits in support of her § 2255 Motion. (ECF Nos. 42-1 through 42-17.)

Whether a petitioner has exercised due diligence to warrant a belated commencement of the limitation period pursuant to 28 U.S.C. § 2255(f)(4) is a fact-specific inquiry unique to each case. *See Wims v. United States*, 225 F.3d 186, 190–91 (2d Cir. 2000). A petitioner bears the burden to prove that he or she exercised due

5

diligence. *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006). Due diligence "at least require[s] that a prisoner make *reasonable* efforts to discover the facts supporting his claims." *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) (citing *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002)). A habeas applicant who "merely alleges that [he or she] did not actually know the facts underlying his or her claim does not" thereby demonstrate due diligence. *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997). Rather, to obtain a belated commencement of the limitation period, the applicant must explain why a reasonable investigation would not have unearthed the facts prior to the date on which his conviction became final. *See id.* at 1540–41 (rejecting petitioner's assertion that he could not have discovered his new *Brady*[4] claim prior to filing his first § 2254 petition). Moreover, in evaluating a petitioner's diligence, the Court must be mindful that the "statute's clear policy calls for promptness." *Johnson v. United States*, 544 U.S. 295, 311 (2005).

Smith's argument for belated commencement is unavailing because she fails to demonstrate that she made reasonable efforts to discover the facts she now relies upon to support her claims. Essentially, Smith argues that she did not learn of the facts underlying her claims until sometime in May 2016 after she spoke with a fellow inmate and began requesting and receiving copies of her "paperwork" from her attorney. (Smith Aff. ¶¶ 2, 7–9.) A review of the exhibits submitted by Smith in support of her claims,[5]

---

[4] *Brady v. Maryland*, 373 U.S. 83 (1963).

[5] Some of the exhibits were submitted by Smith to show that she did not receive the documents until May 2016 rather than to support her underlying claims. (*See* ECF Nos. 42-2, 42-7, 42-17.)

6

however, reveals that a majority of the documents existed at the time of her plea. Smith has included pages from her Plea Agreement and other documents she would have received in discovery.[6] (ECF Nos. 42-1, 42-3 through 42-6.) Other exhibits are letters that Smith received from her attorney during the course of the underlying criminal proceedings. (ECF Nos. 42-8 through 42-12.) Smith does not explain why she was unable to obtain these allegedly claim-essential documents prior to May 2016.[7] Further, to the extent that Smith had any difficulty obtaining the documents from her attorney, she could have contacted the Court to request copies of several of these documents during that time. *See United States v. Holguin*, Nos. 5:04CR00025–004, 5:09CV80130, 2009 WL 728555, at *3 (W.D. Va. Mar. 19, 2009) (concluding that movant was not entitled to belated commencement under § 2255(f)(4) because he did not write to counsel requesting documents until more than three years after sentencing, and noting that movant "could have obtained a copy of the Magistrate Judge's Report from the court, had he taken the logical, additional steps that a reasonably diligent person would take if concerned about

---

[6] Smith claims she has "never seen any of [her] paperwork, never even seen copies." (Smith Aff. ¶ 1.) However, this assertion is belied by Smith's own exhibits. Several of Smith's exhibits are documents that were personally presented to her for her signature in the course of her criminal proceedings. For example, Smith has included a Waiver of Rights she signed on December 10, 2009, a Waiver of Indictment she signed on July 22, 2010, and a page of the Statement of Facts that supported her Plea Agreement. (ECF Nos. 42-1, 42-3, 42-14.) Thus, Smith's assertion that she has "never seen" any of the included documents is contradicted by the record.

[7] In fact, one of Smith's exhibits is a letter from her attorney – which Smith avers should have been dated May 6, 2016 – that states, "I reviewed the entirety of your file and read every letter you had sent me in the past. In none of those letters did you ever request your discovery materials, and I do not ever recall you asking for your discovery materials during our numerous meetings at the Pamunkey Regional Jail." (Smith Aff. Attach. 1 at 8, ECF No. 50-1; ECF No. 42-7.) Clearly, Smith fails to establish that she diligently sought to obtain her file from counsel after her conviction became final.

whether or not an appeal had been filed on his behalf"). As Smith appears to have done nothing to discover the facts underlying her claims in the more than five years since judgment was entered against her on October 25, 2010, her "inaction is incompatible with a finding of due diligence." *Wood v. Spencer*, 487 F.3d 1, 5 (1st Cir. 2007) (citations omitted).

Additionally, Smith states that she learned from another inmate "about some of the things that w[ere] done to [her] by [her] . . . lawyer." (Smith Aff. ¶ 2.) But, to the extent that Smith argues it, her untimeliness is not excused by her failure to know of or discover her right to file a timely § 2255 Motion. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999))). The commencement period for a § 2255 Motion is when the petitioner "knows, or through due diligence could have discovered, the factual predicate for a potential claim, not when he recognizes their legal significance." *McKinney v. Ray*, No. 3:07CV266, 2008 WL 652111, at *2 (E.D. Va. Mar. 11, 2008) (citations omitted). Thus, any assertion that Smith did not learn of the appropriate legal avenue for her claims until May 2016 is meritless.

Accordingly, Smith fails to demonstrate entitlement to a belated commencement of the limitations period.[8]

---

[8] Although Smith does not argue it, she also lacks entitlement to equitable tolling of the limitations period for the same reasons stated above. Specifically, Smith's lack of diligence fails to qualify her § 2255 Motion for equitable tolling. Further, Smith has provided no argument that extraordinary circumstances prevented her from timely filing her § 2255 Motion.

8

## III. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss (ECF No. 48) will be granted. Smith's § 2255 Motion (ECF No. 41) will be denied. The action will be dismissed. A certificate of appealability will be denied.

An appropriate Order shall issue.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: SepT. 25 2017
Richmond, Virginia